Argued October 14, affirmed October 22, rehearing denied November 16, 1915.

# PORTLAND v. NEW ENGLAND CASUALTY CO.*

(152 Pac. 253.)

**Municipal Corporations — Public Work — Contractor's Bond—Beneficiaries.**

1. Construing liberally, as it should be, Laws of 1903, page 256, Section 6266, L. O. L., entitled "An act to protect subcontractors, materialmen, and laborers furnishing material for doing work upon * * public works," and requiring every original contractor for public work to execute a bond to pay "all persons supplying him * * labor or materials * * for the work, and providing that anyone applying for a copy of the bond, and making affidavit "that labor or materials for the prosecution of such work has been supplied by him," and not paid for, shall be furnished with a copy, and "said person * * supplying such labor or materials shall have a right of action" on the bond, inures to the benefit of one hauling materials under contract with a subcontractor.

From Multnomah: JOHN B. KAVANAUGH, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is an action brought by the City of Portland, for the use and benefit of W. W. Swan, against the New England Casualty Company, a corporation, the Oregon Hassam Paving Company, a corporation, and others, to recover the sum of $78.75 upon a bond executed by virtue of the terms of Section 6266, L. O. L. (Laws 1903, p. 256).   That section requires that all persons firms or corporations entering into a contract with the State of Oregon or any municipality, county or school district within the state, for the construction of any public buildings, or the prosecution and completion of any work shall execute the usual penal bond, with the additional obligation:

"That such contractor or contractors shall promptly make payments to all persons supplying him or them

---

*As to liability on contractor's bond for labor or material employed in the work but not by order of the principal, see note in 43 L. R. A. (N. S.) 65.                    REPORTER.

labor or materials for any prosecution of the work provided for in such contracts.''

The law of 1903 was amended by the act of February 3, 1913 (Laws 1913, p. 59). The amendment did not change the liability of the principal or surety upon the bond, but merely added a provision that in the event of the failure of the proper officers to require the bond thus directed, the state, municipality, county or school district, as the case may be, and the officers authorizing such contract, shall be jointly liable for such labor and materials.

On October 30, 1912, the defendant Oregon Hassam Paving Company stipulated with the City of Portland for the improvement of East Sixtieth Street from the south line of Division Street to the south line of Hawthorne Avenue extended easterly, pursuant to the charter and ordinances of the city. According to the plans and specifications described in the contract, the Oregon Hassam Paving Company was to furnish all the material and perform all the labor necessary in the prosecution of the work. This company, hereinafter referred to as the contractor, entered into a subcontract with Miller & Bauer to lay certain cement sidewalks called for in the original contract. This latter firm engaged R. J. Rowen and Harry Ewing, partners doing business as the Auto Truck Company, to haul cement from certain warehouses in the city to the place of improvement for use in the construction of the sidewalks. The truck company, in turn, hired the relator, W. W. Swan, to do this hauling in auto trucks owned and operated by him. Neither the contractor nor Miller & Bauer had any direct dealing with Swan. It appears from the findings of fact that the Auto Truck Company was paid in full by Miller & Bauer for the material

hauled to the work, but that the former failed to pay Swan. The contractor executed and delivered to the City of Portland a penal bond in statutory form, with the defendant New England Casualty Company as surety thereon, dated October 30, 1912, for the sum of $20,316.28, conditioned that the contractor would pay all claims for labor, work and material on account of all subcontractors, materialmen and laborers employed under said contract as required by Section 162 of the charter of the City of Portland and the laws of the State of Oregon. The obligation contained the following provision:

"It being understood that any laborer, materialman, or subcontractor whose just claims may not be satisfied shall have and is hereby granted a right of action upon this bond in the name of the City of Portland, and said action shall have the same force and effect as if said city was enforcing the covenants of this bond as provided in Section 162 of the charter of said City of Portland."

The labor of Swan in hauling material to the work was essential in the prosecution of the improvement, and was furnished to the original contractor to enable him to fulfill his agreement with the city.

The action is based upon the failure of the Auto Truck Company to pay its employee, Swan, the relator herein, and upon his allegation that he is one of the parties for whose benefit the bond was required. The facts of the case were stipulated by the respective counsel, and the trial court made findings substantially as above stated. Judgment was thereupon rendered in favor of plaintiff. The defendants New England Casualty Company and the Oregon Hassam Paving Company prosecute this appeal.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Robert J. O'Neil, Mr. John K. Kollock* and *Messrs. Zollinger & McDowall,* with oral arguments by *Mr. O'Neil* and *Mr. Kollock.*

For respondent there was a brief over the name of *Messrs. Lewis & Lewis,* with an oral argument by *Mr. Arthur H. Lewis.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. While the amount in issue is not large, there are other cases depending upon the result. The matter to be considered is important as well to contractors and surety companies as to laborers and materialmen. The form of the question presented is whether or not the findings support the judgment. The rights of the plaintiffs and the defendants are measured in accordance with the statutory bond required. In the execution of such an instrument the parties thereto are presumed to have had notice of and taken into consideration and understood the statute authorizing the same. The provisions of the act are practically made a part of the bond, just as though they were incorporated therein: *State* v. *Manhattan Rubber Co.,* 149 Mo. 181 (50 S. W. 321); *Board* v. *United States Fidelity & Guaranty Co.,* 155 Mo. App. 109 (134 S. W. 18–20). It is not incumbent upon us to notice the exact phraseology of the bond, because it was stated at the argument and it appears in the briefs that the writing was executed according to the statute. The rights of the parties depend upon the construction to be given to the legislative enactment in question. The title of the law reads thus:

"An act to protect subcontractors, materialmen, and laborers furnishing material for doing work upon pub-

lic buildings, structures, superstructures, or other public works.''

The act provides as follows:

''Hereafter any person or persons, firm or corporation, entering into a formal contract with the State of Oregon, or any municipality, county, or school district within said state, for the construction of any buildings, or the prosecution and completion of any work, or for repairs upon any building or work, shall be required before commencing such work, to execute the usual penal bond with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor or materials for any prosecution of the work provided for in such contracts; and any person or persons making application therefor, and furnishing affidavit to the proper officer of such state, county, municipality, or school district, under the direction of whom said work is being or has been prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for the same has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor or materials shall have a right of action, and shall be authorized to bring suit in the name of the State of Oregon, or any county, municipality or school district within such state for his or their use and benefit against said contractor and sureties, and to prosecute the same to final judgment and execution.''

It is contended by the defendants that hauling material does not bring the claimant within the terms of the statute so as to give him right of action for labor performed or materials furnished, unless he was directly employed by the contractor. The law in question is substantially a copy of Act Cong. Aug. 13, 1894, c. 280, 28 Stats. at Large, p. 278 (6 Fed. Stats. Ann.

125; Comp. Stats. 1913, § 6923). In ascertaining the meaning intended by similar statutes the courts often look to the section or clause providing who shall have a right of action to see what he must show to obtain such right. When we examine this feature of our enactment we find that it requires any person or persons making application to the designated officers for a copy of the bond to furnish an affidavit "that labor or materials for the prosecution of such work has been supplied by him or them," and that payment thereof has not been made. The law then directs that he or they shall be furnished with a copy of the contract or bond, and ordains that "said person or persons supplying such labor or materials shall have a right of action" upon the bond. The act contains no requirement for a showing to be made that the labor or material has been supplied pursuant to a contract with the original contractor or anyone. It does not limit the right of recovery to those who furnish labor or materials directly to the contractor, but all who supply him with labor or material for any prosecution of the work provided for in the contract are to be protected. The language of the title and the act plainly indicate that it was the intention of the lawmakers to protect those whose labor or material has been furnished in the accomplishment of the work. The amendment of 1913, while not controlling, furthers the same intent. The bond should be construed with a view of determining the fair scope and meaning of the contract in the light of the language employed and the circumstances surrounding the parties: *Ulster County Savings Inst.* v. *Young,* 161 N. Y. 23 (55 N. E. 483). In order to effectuate the purpose of the law, it should receive a liberal construction. The rule often applied to me-

chanic's lien statutes does not govern: *National Surety Co.* v. *Lumber Co.*, 67 Wash. 601 (122 Pac. 340).

In order to free himself from liability on the bond for material or labor furnished, the act, in effect, imposes upon a contractor the duty of seeing that the persons who furnish the material and perform the labor in the furtherance of the contract are paid. This would not seem to work any hardship upon the contractor or his surety, for, if he does not care to ascertain who actually supplies the labor and materials, he can require that the subcontractor indemnify him with proper security.

The ruling in *Ulster Co. Savings. Inst.* v. *Young,* 161 N. Y. 23 (55 N. E. 483), is in conformity with the spirit and letter of the law. Both should be respected, and when the whole context demonstrates a particular intent of the legislature to effect a certain object, the purpose of the lawmakers should be carried out: *United States* v. *American Surety Co.*, 200 U. S. 197 (50 L. Ed. 437), 26 Sup. Ct. Rep. 168. This precedent is instructive and applicable to nearly every phase of the present case, and is controlling. If the statute in question should be given any other meaning, then the only thing necessary to be done to defeat its manifest purpose would be for a sufficient number of subcontracts to be made, and the subcontractor to make a default in payment to those with whom he has contracted for labor and materials supplied in the actual construction. The contractor obtained the benefit of the work performed by Swan. It was necessary for the purpose of carrying out the engagement with the city.

Truckmen transporting material for a short distance in order to prosecute the work under the contract accelerate the construction just as effectively as the man who mixes the concrete on the ground: *Ameri-*

*can Surety Co.* v. *Cement Co.* (C. C.), 110 Fed. 717; *McClain* v. *Hutton,* 131 Cal. 132 (61 Pac. 273, 63 Pac. 182, 622). It is not important whether he conveys the cement in an auto truck or on his back. Such labor comes within the meaning of the words "supplying labor or materials for any construction of the work." It is directly connected with the work of construction, and is essential thereto, and a person who performs it is entitled to bring an action on the bond for his benefit.

Nearly every point raised in this case has been discussed and decided by our federal courts in the decisions cited. In view of this we do not deem it advisable to multiply citations or discuss the subject at great length.

The findings of fact in the case at bar support the judgment of the lower court, which is affirmed.

AFFIRMED. REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.