Submitted on brief February 13, affirmed March 6, 1917.

## BAY CITY EX REL. *v.* SANDBERG.*

(163 Pac. 444.)

**Municipal Corporations—Improvements—Contractor's Bond—Liability of Sureties—Failure to Pay Materialmen.**

1. Where, by a contract for street improvements, the contractor undertook to make all payments to all persons supplying labor or materials for the prosecution of the work, and agreed to execute a

---

*On implied power to incorporate in contract for public works or in contractor's bond the requirement that the contractor shall pay laborers and materialmen, see notes in 11 **L. R. A.** (**N. S.**) 1028; 46 **L. R. A.** (**N. S.**) 425.                    REPORTER.

bond to indemnify the city against all claims for work and materials furnished on account of any subcontractor, the contractor's failure to pay for materials was a breach of the conditions of the contract and the bond for which the contractor's sureties were clearly liable, the bond referring to the contract so as to make it a part thereof.

[As to right of one furnishing labor or material to sue on bond given by contractor to property owner, see note in **Ann. Cas.** 1916A, 754.]

From Tillamook: GEORGE R. BAGLEY, Judge.

This is an action by Bay City, a municipal corporation, on relation of C. F. Stone and J. H. Hicks, copartners doing business as Stone & Hicks, against P. A. Sandberg, W. J. Logus, Ed. Worthington and E. D. Landingham.

In Banc.    Statement by MR. JUSTICE BEAN.

The following facts are in substance alleged in the complaint: On February 4, 1915, the defendant P. A. Sandberg entered into a contract with Bay City, Oregon, for the improvement of certain streets within that municipality.    After setting forth the making and acceptance of the bid for the improvement on the above-named date and the description and price thereof, the contract *inter alia* contains the following:

"That the said party of the second part (Sandberg) does further covenant and agree that he will make all payments to all persons supplying labor or materials for the prosecution of the said work provided for in this contract, and that he will not permit any lien or claim to be filed or prosecuted against the said party of the first part on account of labor supplied; and the said second party does further covenant and agree that he will furnish a good and sufficient bond in the sum of Fifteen Thousand Dollars ($15,000) to be approved by the Common Council of the said party of the first part, with W. J. Logus, Ed. Worthington, and E. D. Landingham as sureties thereon, indemnifying the said party of the first part against all claims or liens for labor, work or material furnished on account of all sub-

contractors, materialmen, mechanics, and employees furnishing labor or materials under this contract. * * ''

On March 4, 1915, Sandberg, as principal, and W. J. Logus, Ed. Worthington and E. D. Landingham, as sureties, executed to Bay City a bond in the penal sum of $15,000, conditioned as follows:

"Whereas, the said P. A. Sandberg has made and entered into a contract dated the 4th day of February, 1915, with the said city of Bay City for the improvement of the following streets, in Bay City, to-wit: 'C' Street, Fourth Street, Fifth Street, Pacific Avenue, Tillamook and Portland Avenues.

"Now Therefore, If the said P. A. Sandberg shall faithfully perform the said contract upon the terms and conditions and at the times herein prescribed, then this obligation is to be null and void; otherwise of full force and effect."

It is averred that Stone, Hicks and their assignors, for whose benefit action on the bond is brought, at the special instance and request of defendant Sandberg furnished certain materials used in the construction of the improvement for which a balance of $825.18 remains unpaid.

Defendants Worthington and Landingham demurred to the complaint. The demurrer was overruled. Defendants answered admitting the execution of the bond, but, in effect, denied the existence of the contract as alleged, for the reason that it was signed on February 15, 1915, instead of February 4, 1915, as recited in the bond, and raised other issues not material here.

The reply put in issue the new matter of the answer. The cause was tried to the court and jury, resulting in a judgment for plaintiff in the sum of $575, from which defendants Landingham and Worthington appeal.

Submitted on brief without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                                    AFFIRMED.

For appellants there was a brief by *Mr. Sidney S. Johnson.*

For relators and respondents there was a brief over the names of *Mr. William Marx* and *Mr. E. J. Claussen.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The errors assigned challenge the sufficiency of the complaint. The agreement referred to in the bond recites that it was "made and entered into this —— day of February, 1915." It was signed on February 15, 1915. It names the streets contracted to be improved identically as designated in the bond. The contract is plainly referred to in the written instrument sued on so as to make the same a part thereof. Counsel for defendants contend that the bond set forth as an exhibit in the complaint fails to contain

"the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor or materials for any prosecution of the work provided for any such contracts,"

as required by Section 6266, L. O. L., as amended by Laws of 1913, p. 59. In order to ascertain whether there has been a breach of the bond we must look to the contract, the fulfillment of which the bond is given to secure: *Hill* v. *American Surety Co.,* 200 U. S. 197 (50 L. Ed. 437, 26 Sup. Ct. Rep. 168); *United States Gypsum Co.* v. *Gleason,* 135 Wis. 539 (116 N. W. 238, 17 L. R. A. (N. S.) 906). When we do so we find that Sandberg undertakes that "he will make all payments to all persons supplying labor or materials for the prosecution of the said work." In the contract he agrees to execute a bond to indemnify the city against all claims for "work and materials furnished on account of any subcontractor." Failure to pay for the materials as set forth in the complaint would be a breach of the condi-

tions of the contract and bond for which the defendant sureties are clearly liable. Such liability is plainly nominated in their bond: *Portland* v. *New England Casualty Co.,* 78 Or. 195 (152 Pac. 253), and cases there cited. See also the kindred case of *Columbia County* v. *Consolidated Contract Co., ante,* p. 251 (163 Pac. 438), in which an opinion has this day been rendered. There was no error in overruling the demurrer to the complaint and rendering judgment upon the written obligation, and such judgment is affirmed.      AFFIRMED.