Submitted on briefs October 1, reversed and remanded October 19, rehearing denied December 7, 1920.

# PORTLAND *v.* O'NEILL.

(192 Pac. 909.)

**Appeal and Error—Case Before Supreme Court on Complaint and Findings in Absence of Bill of Exceptions.**

1. Where there is no bill of exceptions in the record, the case comes to Supreme Court on the complaint and findings.

---

On nature of labor or material which will support an action upon a contractor's bond, see notes in 43 L. R. A. (N. S.) 162; L. R. A. 1915F, 951.

Municipal Corporations—Statute Providing for Execution of Public Contractor's Bond Liberally Construed.

2. Section 6266, L. O. L., as amended by Laws of 1913, page 59, providing for execution of contractor's bond conditioned on payment of claims for labor and material furnished public contractor, will be construed liberally.

Municipal Corporations—Statute as to Contractor's Bond Concerns Every Relation of Contractor to Work.

3. Section 6266, L. O. L., as amended by Laws of 1913, page 59, providing for execution of bond, condition of payment of claims for material and labor furnished public contractor, concerns every approximate relation of the contractor to the work which he has contracted to do; it being the labor and material supplied for the prosecution of the work which is protected, and not some obligation incurred by the contractor which does not approximate the construction contracted for.

Municipal Corporations—Claim for Rental for Equipment While not Used Held not Within Contractor's Bond.

4. Claim for rental for equipment leased to public contractor for the period of time such equipment was not used is not within the protection of the contractor's bond, executed under Section 6266, L. O. L., as amended by Laws of 1913, page 59.

Trial—Findings must be Responsive to Issues.

5. Findings of trial court must be responsive to the issues, and, if not responsive thereto are nullities, and will not support the judgment, since such findings will not supply necessary allegations required in the pleadings.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

This is an action based upon a contractor's bond furnished in pursuance of Section 6266, L. O. L., as amended by General Laws of Oregon 1913, page 59. The bond was signed by the defendant, New Amsterdam Casualty Company, as surety. The cause was tried by the court without the intervention of a jury. Findings of facts were made and a judgment rendered in favor of plaintiff. The New Amsterdam Casualty Company appeals.

The complaint, in addition to setting forth the corporate character of the city and the use plaintiff and the defendant surety company, shows in substance

as follows: On the eighth day of November, 1915, the defendant, O'Neill, entered into a contract with the City of Portland for the construction of a sewer in Water Street and Mill Street of that city in accordance with the plans and specifications prepared therefor, and the ordinances of the city. The contract provided that O'Neill should promptly make payment for all labor and materials used in the prosecution of the work. O'Neill as principal and the New Amsterdam Casualty Company as surety executed their penal bond in the sum of $14,596, conditioned that the contractor should pay all claims for labor, work, supplies, or provisions on account of all subcontractors, materialmen, laborers, and mechanics furnishing labor or material under the contract; a copy of the bond being attached to the complaint. O'Neill entered upon the work of constructing the sewer and completed the same, which was accepted by the city. It is then alleged as follows:

### "Par. VII.

"That during the progress of said work the said Elliott Contracting Company rented to said J. P. O'Neill for the prosecution of said work one pile driver at the agreed rental of $8 per day, and with the condition that said pile driver should be returned to them after the completion of said rental in as good condition as before said rental, reasonable wear and tear thereof excepted.

### "Par. VIII.

"That said J. P. O'Neill retained said pile driver under said rental agreement in the said prosecution of said work for a period of 57 days; that during said time he damaged said pile driver in excess of reasonable wear and tear to the extent of $67.60.

"Par. IX.

"That no part of said rental or said damage has been paid."

A second cause of action is set forth which is not involved upon this appeal.

A demurrer to the complaint was interposed and overruled. The Casualty Company answered, putting in issue the allegations of paragraph VII, VIII and IX of the complaint. Testimony was submitted, and the court found the facts the substance of which are stated above, finding in regard to the renting of the pile driver as follows:

"That during the progress of said work the said Elliott Contracting Company rented to said J. P. O'Neill for the prosecution of said work one pile driver at the agreed rental of $8 per day, and with the condition that said pile driver should be returned to them after the completion of said rental in as good condition as before said rental, reasonable wear and tear thereof excepted.

"That said J. P. O'Neill retained and used said pile driver under said rental agreement in the said prosecution of said work for a period of 57 days, ending February 8, 1916."

REVERSED AND REMANDED.

For appellant there was a brief submitted over the name of *Mr. James L. Conley.*

For respondent there was a brief prepared and presented by *Mr. H. B. Nicholas, Mr. W. C. Nicholas* and *Mr. R. W. Nicholas.*

BEAN, J.—The claim of appellant is: First, that the rental of equipment within the meaning of the statute constitutes neither labor nor material and is therefore not within the bond; second, that if re-

covery can be had it must be limited to the time the equipment was actually used as distinguished from the time it was retained.

1. No bill of exceptions is contained in the record. Therefore the testimony is not before us. As submitted on behalf of plaintiff, the case comes to us upon the complaint and findings: *Miller* v. *Head Camp,* 45 Or. 192 (77 Pac. 83); *Farrell* v. *Oregon Gold Co.,* 31 Or. 463 (49 Pac. 876). Defendant contends that the facts thus set out do not support the judgment. For the basis of the action we turn to the complaint. It will be observed that the pleading shows that the contractor rented the pile driver for the prosecution of the work at the agreed rental of $8 per day, and that he "retained" it for fifty-seven days. There is no statement therein that the equipment was used in the construction, or in any way for the prosecution of the work. In so far as that pleading discloses, a lease of the pile driver may have been executed and possession taken by the contractor and the apparatus never taken upon the works or used in any way in furtherance of the undertaking embraced in the contract and bond.

2. In following the federal cases pertaining to the expenses of machinery and means used by such a contractor who has furnished a bond provided for by the statute, where the energy procured has entered into the prosecution of the work, we have adopted a liberal rule in the construction of the statute: See *Multnomah Co.* v. *United States Fidelity & Guaranty Co.,* 92 Or. 146 (180 Pac. 104); *Multnomah Co.* v. *United States Fidelity & Guaranty Co.,* 87 Or. 198 (170 Pac. 525, L. R. A. 1918C, 685), and cases there cited. In the latter case this court said at page 206

of 87 Or., at page 527 of 170 Pac. (L. R. A. 1918C, 685):

"The line of demarcation must be drawn between labor and material furnished a contractor which are covered by such a bond and those without the pale of such an undertaking by taking into consideration the service and material in the particular case."

3, 4. The statute requiring the bond which is incorporated into the undertaking concerns every approximate relation of the contractor to the work which he has contracted to do: *Multnomah Co.* v. *United States Fidelity & Guaranty Co.*, 87 Or. 198, 204 (170 Pac. 525, L. R. A. 1918C, 685); *Am. Surety Co.* v. *Lawrenceville Cement Co.* (C. C.), 110 Fed. 717, 721. It is the labor and material supplied for the prosecution of the work which is protected, and not some obligation incurred by the contractor which does not approximate the construction contracted to be done: *United States* v. *Baltimore Const. Co.*, 48 Pa. Super. Court, 502. This is not a question between the plaintiff, who was lessor of the equipment, and the contractor O'Neill, the lessee. The statute should not be interpreted so as to permit a contractor on public work to lease an equipment and use it for a short time or not at all, abandon the work without returning the rented apparatus to the lessor, and allow the rental to accumulate for a long time, and be counted as an expense protected by the statute and bond. Such is not the letter or spirit of the law. If the complaint in this case is upheld a claim like the one suggested could be made.

The facts shown by the complaint are not sufficient to support the judgment.

5. The findings of the court go further than the complaint and state that the contractor "retained

and used'' the pile driver for 57 days. The defendant surety by its answer raised an issue as to the rental of the equipment. The proof is not before us. It is well settled that the findings must be responsive to the issues, as stated by Mr. Justice BURNETT in *Annand* v. *Austin,* 86 Or. 403, at page 410 (168 Pac. 725, at page 726), referring to findings of facts made by the court in a law action:

"Her averments having been challenged by the reply, it was incumbent upon her to prove them as laid, for it is hornbook law that the allegations and proofs must agree. It is equally axiomatic that the verdict must be responsive to the issue.''

A party must recover, if at all, upon the claims asserted in his pleadings, and not upon other rights or issues that may appear in the evidence. Upon the trial of the cause by the court without a jury, findings outside of the issues made by the pleadings are nullities and will not support a judgment, not being responsive to the issues: *Eastman* v. *Jennings-McRae Logging Co.,* 69 Or. 1, 8 (138 Pac. 216, Ann. Cas. 1916A, 185); *Boothe* v. *Farmers' Nat. Bank,* 47 Or. 299 (83 Pac. 785); *Male* v. *Schaut,* 41 Or. 429 (69 Pac. 137); *Newby* v. *Myers,* 44 Kan. 477 (24 Pac. 971). Such findings will not supply necessary allegations required in the pleadings: *Ferguson* v. *Reiger,* 43 Or. 505 (73 Pac. 1040).

We are forced to believe that the averment of the complaint was not wanting in the respect noted by reason of oversight. We think, taking the findings in the light of the complaint, they fairly mean that the contractor "used" the pile driver for a portion of the 57 days and "retained" it for the balance of that time. The evidence is not here so that we can determine what use was made of the equipment in

the promotion of the contract work. It is asserted in appellant's brief that, according to the evidence, the pile driver was used only 11 days.

The judgment of the lower court will be reversed, and the cause remanded, with permission for the plaintiff to apply to that court for leave to amend its complaint, and for such further proceedings as may be deemed proper, not inconsistent herewith.

REVERSED AND REMANDED. REHEARING DENIED.