UNITED STATES, to Use of BOYER et al., v. PORT DEPOSIT QUARRY CO. et al.

(District Court, D. Maryland. April 19, 1921.)

No. 957.

1. **United States** ⊛—67(2)—**Rent of derrick or lighter used to transport stones recoverable on contractor's bond.**

   The rent of a derrick or lighter used in transporting stones for use in the performance of a government contract is recoverable on a bond given by the contractor to secure payment for labor and material.

2. **United States** ⊛—67(2)—**Hire of derrick hoister chartered for use on two contracts held recoverable on contractor's bond.**

   Where a derrick hoister was chartered by the month to be used successively on two government contracts, only one of which was covered by a bond, and, for a later period, by the day, and all due under the original charter had been paid, and the amount claimed was for days upon which it was actually used on the contract covered by the bond, the unpaid balance of the hire was recoverable on the bond.

At Law. Action by the United States, to the use of Lewis Boyer and another, trading as the General Ship Repair Company, against the Port Deposit Quarry Company and another. Judgment for plaintiff.

Willard M. Harris, of Philadelphia, Pa., and John T. Tucker, of Baltimore, Md., for plaintiffs.

Haman, Cook, Chesnut & Markell, of Baltimore, Md., for defendants.

PER CURIAM. [1] The contention of the defendant that there can be no recovery for the rent of a derrick or lighter used in transporting stones from the quarry to the place of deposit designated in the contract, and in depositing them there, has, I think, been foreclosed

---

⊛⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by various decisions of the Supreme Court of the United States, notably Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 Sup. Ct. 614, 61 L. Ed. 1206.

There can be no difference in principle between the rent of cars to be used in doing work under a government contract and the hire of a boat for the same purpose. Whether you shall call the transportation and the hoisting part of the materials in place, or part of the labor in putting them in place, seems to me to afford opportunity for interesting exercise in intellectual gymnastics, but in this case it would scarcely seem that it would make any difference how it was answered.

If a subcontractor had undertaken to deliver the material in place for a total price, his undertaking would have been covered by the bond. The work might have been done by putting the stones by hand on rafts or galleys propelled by oars. Hand power might have been used to lower the stones into place. That is doubtless what an ancient Egyptian contractor would have done. The pay of the rowers and of the laborers in putting the stones where the government wanted them would have been labor supplied under the contract. Whether, on the whole you prefer to call it the one or the other, would not affect the result.

[2] The only other question in the case is whether a derrick hoister, chartered to be used successively upon two government contracts, one of which is covered by a bond and one is not, can be held, as to any part of its services, to be either labor or material supplied for the contract job. In this case, and for the period for which suit is brought, the derrick hoister was chartered by the day. All due under the original charter of $600 per month has been paid. All that is here charged is the number of days upon which this derrick hoister was actually engaged in doing work absolutely necessary to be done, if this contract was to be performed, and the bond discharged. I see no reason why the surety should not be held liable for the balance of the hire of the derrick for those days.

The plaintiff is entitled to a verdict in the sum of $848.92.