Argued February 1, reversed February 23, 1927.

# STATE EX REL. TROJAN POWDER CO. *v.* JOHNSON CONTRACT COMPANY ET AL.

## (253 Pac. 520.)

**Highways—Original Contractor Performing Road Work and Surety Held not Liable for Powder Furnished Subcontractor, not Used in Performance of Contract (Or. L., §§ 2991, 4435, and § 6718, as Amended by Laws 1923, p. 32).**

1. Original contractor and surety performing public road work, whose contract was required by Section 6718, Or. L., as amended by Laws of 1923, page 32, to contain provision that contractor should promptly make payment of all persons supplying labor and material for prosecution of work and should not permit filing of liens, and whose bond to state, under Section 4435, was required by Section 2991, to provide for payment of all persons supplying labor or materials for prosecution of any work provided for in contract, *held* not liable for powder furnished subcontractor on public road work, which was never actually used in connection with performance of contract.

**Highways—Original Contractor on Public Work and Surety are Liable for Articles Purchased by Subcontractor Only in so Far as Articles Refer to Contract.**

2. Original contractor on public work, and surety, in absence of express authorization or statute, are not responsible for things purchased by subcontractor, unless such things were purchased in connection with performance of contract between them.

**Mechanics' Liens—No Lien Exists for Material Furnished, not Used in or on Building.**

3. Lien against building is not given materialman for material furnished contractor, not actually used in or upon building.

**Highways—Liability of Original Contractor and Surety on Public Work for Material Furnished Subcontractor Depends on Whether Material was Used in Prosecution of Work.**

4. Liability of original contractor and surety for labor and material furnished subcontractor, under bond given in performance of public work, depends on whether labor or material furnished was actually used in performance of work.

**Highways—Liability of Original Contractor on Public Work Ends on Paying Subcontractor and Cost of Labor and Materials Used in Work.**

5. Liability of original contractor on public work and of his surety ends on paying subcontractor and materialmen and laborers for labor and materials actually used in work.

---

3. See 18 R. C. L. 920.

Highways—Materialman, Suing Original Contractor and Surety
for Material Furnished Subcontractor, Held Entitled to In-
terest on Account (Or. L., § 7988).

6. In action against original contractor and surety for material
furnished subcontractor on public road work, materialmen *held*
entitled to interest upon account, under Section 7988, Or. L.,
providing open accounts shall bear interest from date of last
item thereof.

---

Highways, 29 **C. J.**, p. 612, n. 49, p. 613, n. 68, 79 New.
Interest, 33 **C. J.**, p. 207, n. 86.
Mechanics' Liens, 40 **C. J.**, p. 83, n. 43.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

REVERSED.

For appellants there was a brief and an oral argu-
ment by *Mr. James L. Conley.*

For respondent there was a brief and an oral argu-
ment by *Mr. C. L. Whealdon.*

· RAND, J.—This is an action to recover from the
original contractor and its surety for powder fur-
nished a subcontractor on public road work. Plain-
tiff recovered judgment against both defendants for
the full amount of its claim, which included a claim
for powder furnished to the subcontractor and not
used in the performance of his contract, but which
was diverted by him and used in the performance of
a similar contract with other parties. The cause was
tried to the court without the intervention of a jury.
The trial court made its findings of fact and these
findings under our statute have the force and effect
of a verdict. The evidence upon which these findings
were based is not before us. Among other things the
court found:

"That heretofore and between the dates of June 10,
1921, and January 26, 1922, the plaintiff did at the

special instance and request of O. D. Wolfe, the said sub-contractor, sell and deliver to said O. D. Wolfe, certain powder, explosives, caps, fuse and incidental appliances for the use thereof. That said materials were ordered by said O. D. Wolfe for use in the construction of the said Pittsburg-St. Helens Highway and were sold by plaintiff in good faith for use thereon and with the understanding that the same were to be used on said work, and said materials were delivered by the plaintiff to said work during the time aforesaid for use by the sub-contractor in the construction of said highway. That all of the said materials were used by the said sub-contractor in the construction of said highway with the exception of 30 cases of powder worth $244.00 which were diverted from said work by the said subcontractor and used by him elsewhere.''

Here we have a finding by the court that a part of the powder for which plaintiff has recovered judgment against the original contractor and its surety was not used up or consumed in the prosecution of the work which the subcontractor had contracted with one of the defendants to perform and for which the bond was given and has never gone into or become a part of the work, but has been diverted to and used in the performance of a contract to which the defendants are strangers.

1, 2. It is obvious that unless made so by statute, an original contractor on public work, in the absence of an express authorization, is not responsible for things purchased by his subcontractor unless the things purchased are in some way referable to the contract between them and that if the original contractor is not liable, then his surety also is not liable.

Section 4435, Or. L., provides that, ''All contracts executed for the improvement of state highways shall be made in the name of the state of Oregon and

executed by the commission, and on all such contracts a satisfactory bond shall be required of the contractor of not less than fifty (50) per cent of the total amount of his bid, for the faithful performance of his contract.'' Section 6718, Or. L., as amended by Chapter 24, Laws of 1923, provides that, ''Every contract made with the state, * * shall contain a condition that the contractor shall promptly, as due, make payment to all persons supplying to such contractor labor or material for the prosecution of the work provided for in such contract, and that said contractor shall not permit any lien or claim to be filed or prosecuted against the state * * on account of any labor or material furnished and a penal bond, with good and sufficient sureties, shall be required of each and every such contractor to secure the faithful performance of all the usual or particular obligations of such contract, especially the conditions herein mentioned, * * '' Section 2291, Or. L., provides that any person or persons entering into a formal contract with the state, ''shall be required before commencing such work, to execute the usual penal bond with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor or materials for any prosecution of the work provided for in such contracts; * * ''

The purpose of these statutes was to provide security for the payment of all persons who provide labor or material on public work, and this was done by giving a claim under the bond in lieu of the lien, to which the laborer or materialman would be entitled under the mechanic's lien law had the property been privately owned: *Illinois Surety Co.* v. *John Davis Co.*, 244 U. S. 376 (61 L. Ed. 1206, 37 Sup. Ct. Rep. 614).

Under the mechanic's lien law (Section 10191, Or. L.) every person performing labor upon or furnishing material "to be used" in the construction of a building is given the right to a lien. While under the statutes in question every person furnishing labor or material "for the prosecution of the work" is given the right to recover under the bond. The difference in the phraseology used to define the labor or material for which a lien is given and that for which an action under the bond is given is not significant for in the first instance it is the labor or material "to be used" in or upon the building, and in the latter it is the labor or material to be used "for the prosecution of the work." Under either statute, the labor or material must be not only furnished but used; in the one case in the construction, alteration or repair of a building; in the other in the prosecution of the work provided for under the contract. This conclusion is sustained by the former holdings of this court.

3. It is settled law in this state that a lien against a building is not given for material furnished a contractor but not used in or upon the building: *Fitch* v. *Howitt,* 32 Or. 396 (52 Pac. 192). In *Portland* v. *New England Casualty Co.,* 96 Or. 48 (189 Pac. 211), an action to recover upon a bond given to the City of Portland by a contractor on public work, this court citing *Fitch* v. *Howitt, supra,* said: "In the foreclosure of a materialman's lien it has been held that the materialman should not be required to watch the progress of a structure and to see that every piece of material supplied by him was used therein, and that if some of the material has been used elsewhere, it rests with the defendant to show that fact. We think that a similar course of reasoning may well be

applied in a case like the one at bar." The effect of that decision is that there is no liability under the bond for material not used by the contractor in the performance of his contract. Again, in *Portland* v. *O'Neill,* 98 Or. 162 (192 Pac. 909), an action on a bond given by a contractor on public work, this court said: "The statute should not be interpreted so as to permit a contractor on public work to lease an equipment and use it for a short time or not at all, abandon the work without returning the rented apparatus to the lessor, and allow the rental to accumulate for a long time and be counted as an expense protected by the statute and bond. Such is not the letter or spirit of the law. If the complaint in this case is upheld a claim like the one suggested could be made." In the case of *Oregon* v. *Security Const. Co.,* 3 Fed. (2d), 274, upon the question of whether the claim of a lessor against the contractor for rental of equipment used in road construction work could be enforced as against the contractor's bond for the time when not in use, Mr. Justice WOLVERTON, a former member of this court, citing *Portland* v. *O'Neill,* said: "Of course, the rental must be only for the time the appliance is used in construction work."

4. In the last two cases cited the court disallowed claims for which the contractor was himself liable, upon the ground that the liability of the surety for rental of equipment for use on public work was limited to the time when the equipment was actually in use and did not include the rental of the equipment when not in use; thus holding that the claim of rental depended for its validity as against the bond, upon the equipment being employed in the prosecution of the work and not upon the contract under which it had been leased. The rule deducible therefrom is

that the liability of the bond for labor or material depends upon whether the labor or material was furnished and actually used in the prosecution of the work. If so furnished and used, the liability exists, but if not furnished and used in the prosecution of the work, there is no liability. This ruling is in harmony with the purpose of the statute and gives effect to the intention of the parties when entering into the contract and executing the bond in question. It was not within the contemplation either of the statute or of the parties when entering into their contract with the state that material purchased by a subcontractor and not used or consumed in the performance of his contract should constitute a charge against the original contractor or his surety.

5. The obligations of an original contractor and his surety are not unlimited and when they have discharged their obligation to a subcontractor and paid for all labor and material which has been actually used in the performance of his work, their liability as to him is at an end. To hold otherwise would place it within the power of a subcontractor to purchase upon the credit of the original contractor and his surety, labor and material not needed or used on the job. No such unlimited power on the part of the subcontractor does or should exist.

6. Defendant's objection to the allowance of interest upon plaintiff's account is not tenable, in view of Section 7988, subdivision 1, Or. L., which provides, "that open accounts shall bear interest from the date of the last item thereof."

In accordance with these views, the judgment of the Circuit Court must be reversed and the cause will be remanded with directions to enter a judgment in favor of plaintiff for the powder actually used by the

subcontractor in the performance of his contract, but excluding therefrom the charge of $244 for the thirty cases of powder which the court found were furnished to the subcontractor and not used or consumed on the job.    REVERSED AND REMANDED WITH DIRECTIONS.

BURNETT, C. J., and COSHOW and McBRIDE, JJ., concur.