Argued April 16; affirmed April 30, 1935

# STATE EX REL. SOUTHERN PACIFIC CO. *v.* AMERICAN SURETY CO. OF NEW YORK ET AL.
### (44 P. (2d) 1079)

*Plowden Stott* and *Edward J. Clark,* both of Portland, for appellant.

*Andrew Koerner,* of Portland (Alfred A. Hampson, of Portland, on the brief), for respondent.

BELT, J. This is an action on a statutory bond, on which the American Surety Company of New York is surety, given to secure performance of a contract to widen and improve a 4.67 mile section of the Pacific highway between Canemah and New Era, in Clackamas county, Oregon. The highway was immediately adjacent to and parallel with the main line tracks of a railroad operated by the Southern Pacific Company. The construction work involved the blasting of rock and it was therefore necessary for the contractor, John Slotte & Co., Inc., to so carry on its operations as not to endanger the train service of the Southern Pacific Company. Before beginning construction work, the contractor entered into an agreement with the railroad company that if the latter would furnish flagmen, linemen, and equipment necessary to protect its train operations and the telephone and telegraph wires used in connection therewith, it would pay to the railroad company the cost thereof. Pursuant to this contract, the relator furnished flagmen and linemen necessary to protect its tracks and telephone and telegraph wires from the blasting operations a short distance away. The relator alleged that the labor and materials furnished as aforesaid were reasonably worth the sum of $2,555.62, and that no part thereof had been paid except $954.85, and that there is now due and owing the sum of $1,600.77, together with interest thereon at the rate of 6 percent per annum from June 1, 1929.

The cause was tried by the court without a jury and from a judgment in favor of the plaintiff for the amount demanded the surety company alone appeals.

.■ The principal contention of the appellant is that the labor and materials thus furnished are not covered by the bond. There is substantial evidence tending to show a contract as alleged by the relator; that the labor and material were furnished by the railroad company pursuant thereto; and that the charge made therefor was reasonable. Hence the findings of the trial court relative to such issues are conclusive. It is well also at the threshold of the case to bear in mind that the action is based on contract and not on tort. We are not, therefore, concerned with any question of negligence on the part of the contractor.

■ The bond given pursuant to section 67-1101, Oregon Code 1930, was conditioned that such contractor "shall promptly pay all laborers, mechanics, subcontractors and materialmen, and all persons who shall supply such laborers, mechanics or subcontractors with material, supplies or provisions for carrying on such work. * * *''. We may also, on the authority of *Multnomah County v. U. S. F. & G. Co.*, 92 Or. 146 (180 P. 104), and other decisions of this court, read into the bond the language of the above section of the statute, viz, "that such contractor or contractors shall promptly make payments to all persons supplying him or them labor or materials for any prosecution of the work provided for an [in] such contracts * * *''.

The contract provides that the contractor "shall take every precaution to protect and avoid damage to adjacent properties, and, in case of damage, he shall restore the properties to their original condition and do everything possible to relieve the owners and operators of any expense, loss or inconvenience that may be entailed. He shall furnish the usual guards and flagmen whenever shots are put off or whenever a dangerous condition exists''.

Under the plain terms of the contract it was the duty of the contractor to protect the property of the Southern Pacific Company so that its trains could be operated with safety. The "labor and materials" furnished by the relator pursuant to its contract with John Slotte & Co., Inc., were reasonably necessary for the prosecution of the work in which the contractor was engaged. Had the employees of the contractor performed the work in question and not been paid, certainly the surety would be liable under the bond. The mere fact that the relator did those things which the contractor obligated itself to do does not alter the liability. As stated in *Clatsop County v. Fidelity & Deposit Co.*, 96 Or. 2 (189 P. 207): "* * * those things which are necessary in the prosecution of the work provided for in the contract are protected as 'labor and materials' although such supplies are not physically incorporated into the work." Also see *Portland v. O'Neill*, 98 Or. 162 (192 P. 909), citing *Multnomah County v. U. S. F. & G. Co.*, 87 Or. 198 (170 P. 525, L. R. A. 1918C, 685), and quoting with approval the following excerpt from *American Surety Co. v. Lawrenceville Cement Co.*, 110 Fed. 717: "The statute in question concerns every approximate relation of the contractor to that which he has contracted to do." To the same effect is *State ex rel. Jones v. Feak*, 141 Or. 481 (18 P. (2d) 203). That the contractor fully appreciated that the "labor and materials" furnished were a part of its contract is clearly established. Mr. John Slotte, vice president and manager of the contracting company, in response to the question: "And you considered that as much a part of your contract as it was laying the pavement up there, or the surfacing?" answered, "Yes, sir."

There are some cases in other jurisdictions, e. g., *Long-Bell Lumber Co. v. Carr Const. Co.*, 172 La. 182, (133 So. 438), which support the contention of the appellant that the labor and materials involved are not covered by the bond, but they are not in keeping with the well-established principles announced by this court, and we see no necessity of reviewing them.

We see no merit in the contention that the contract between the relator and John Slotte & Co., Inc., was without consideration, in that the relator did only those things which it was already obliged to do. The consideration upon which the contract was based was a promise on the part of the relator to do certain things which it was not obliged to do but which the contractor was bound to do. Can it be said that the contractor received no benefit from the acts of the relator? Citation of authorities seems unnecessary.

■ It was not incumbent upon the relator, under section 67-1101, Oregon Code 1930, to commence action on the bond within one year following the completion of the contract. Such section pertains to the filing of the notice of claim with the secretary of state. This was done by the relator. The action was commenced within the period provided by the general statute of limitations.

The judgment of the lower court is affirmed.