Argued March 31, affirmed April 13, 1926.

STATE FOR USE OF LANG & CO. *v.* UNITED STATES FIDELITY & GUARANTY CO. ET AL.

(244 Pac. 872.)

**Highways—Where Buyer of Groceries Supplied Employees and Subcontractors of Highway Contractor, Seller was not Protected by Contractor's Bond to Pay Those Furnishing Provisions to Such Employees and Subcontractors.**

Where buyer of groceries supplied laborers, mechanics and subcontractors of highway contractor, payment by buyer to seller was not covered by contractor's bond, since seller was not person "who shall supply" such laborers, mechanics, or subcontractors" with provisions as provided by its terms.

Bonds, 9 C. J., p. 87, n. 74.

From Multnomah: JAMES W. HAMILTON, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Wm. B. Layton* and *Mr. N. Ray Alber.*

For respondents there was a brief and oral arguments by *Mr. J. J. Fitzgerald* and *Mr. John F. Logan.*

BURNETT, J.—This is a companion case to one of the same title and between the same parties this day decided, relating to highway construction in Douglas County, and includes the same allegations in the complaint except that the work involved in the instant case was resurfacing some bituminous pavement on the Roosevelt Highway in Tillamook County. The Warren Construction Company was the contractor, the United States Fidelity & Guaranty Company was its surety upon its bond, which was conditioned for the faithful performance of the work and to "pay all

laborers, mechanics, subcontractors and materialmen, and all persons who shall supply such laborers, mechanics or subcontractors with material, supplies or provisions for carying on such work." Additional allegations in the complaint read thus:

"That said R. L. Ross, pursuant to authority and direction from said Warren Construction Company, purchased material, supplies and provisions for carrying on such work, and did supply the same to laborers, mechanics and subcontractors engaged in carrying on said work.

"That in reliance on the obligations of said contract and bond, and the protection given it, and at the special instance and request of Ross, acting for said Warren Construction Company, said Lang & Co. sold and delivered groceries to said Ross for use in boarding laborers, mechanics and subcontractors employed by said Warren Construction Company in the prosecution and performance of said work, at the agreed price and of the reasonable value of $716.38, a stated account whereof being hereto attached, marked 'Exhibit B,' and by reference made part and portion of this complaint, the same as if fully set out herein, and which said groceries and all of them were so used by said Warren Construction Company, and although payment of said sum of $716.38 was often demanded, the said Warren Construction Co. and the other defendants herein have failed, neglected and refused to pay said sum or any portion thereof, and the whole thereof is now past due and owing to said Lang & Co."

On the part of the contractor and its surety there was a demurrer to the complaint on the ground that the court has no jurisdiction of the person of the defendants or of the subject of the action, and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and an answer filed by the same two defendants denying all the allegations of the complaint except the cor-

porate character of the United States Fidelity & Guaranty Company, and the other averment that R. L. Ross "is an individual doing business in the State of Oregon under the assumed name and style of the Oregon Commissary Company." At the close of the plaintiff's case in chief, on the motion of the answering defendants, a judgment of nonsuit was entered against the plaintiff. Hence its appeal.

If the plaintiff would recover on the bond mentioned it must show that it belongs to one of the classes of individuals to whom payment is to be made under the terms of that instrument. Those entitled to payment are named as "laborers, mechanics, subcontractors and materialmen, and all persons who shall supply such laborers, mechanics or subcontractors with material, supplies or provisions for carrying on such work." The allegation of the complaint is that Ross "pursuant to authority and direction from said Warren Construction Company, purchased material, supplies and provisions for carrying on such work, and did supply the same to laborers, mechanics and subcontractors engaged in carrying on said work." Thus it appears that he was not known as a laborer, mechanic, subcontractor or materialman, but as an individual last in order of those entitled to receive payment; that is to say, he was a person who supplied laborers, mechanics, subcontractors and materialmen with material, supplies and provisions. According to the complaint, Ross was within the list of beneficiaries but he is not complaining.

The effort of the complaint seems to be to charge the Warren Construction Company directly with the expenses of the provisions and groceries, for it says that all of them were used by the Warren Construction Company. The testimony, however, shows that the

entire transaction in controversy was conducted by and between Ross and the use plaintiff, Lang & Company, and no relation is shown to have existed between the latter and either the Construction Company or the United States Fidelity and Guaranty Company. The testimony does not disclose, in any sense of the word, that Ross acted at the direction of the Construction Company or for it as its agent or employee. The testimony clearly reveals that he was acting on his own account and that credit was extended only to him. The category of those to whom the Construction Company and its surety promised prompt payment does not extend so far as to include the plaintiff. Ross was neither laborer, mechanic, subcontractor or materialman, according to the complaint, but is classed by that pleading as one who supplied material, supplies or provisions to the others named earlier in the list. In short, the complaint does not show, and neither does the testimony indicate, that the use plaintiff is within the protection of the bond as the case is stated.

The judgment of nonsuit was properly entered and is affirmed.                                    AFFIRMED.

McBRIDE, C. J. and COSHOW and RAND, JJ., concur.