Argued January 24, affirmed April 2, 1929.

STATE ex Rel. SINCLAIR PROVISION CO. *v.* WARREN CONSTRUCTION COMPANY et al.

(276 Pac. 260.)

For appellant there was a brief over the names of *Mr. Allen H. McCurtain* and *Mr. Donald E. Long,* with an oral argument by *Mr. George W. Gearhart.*

For respondent there was a brief over the names of *Mr. J. J. Fitzgerald* and *Mr. A. G. Barry,* with an oral argument by *Mr. John F. Logan.*

RAND, J.—This action was brought in the name of the state pursuant to Section 2991, Or. L., on relation of the Sinclair Provision Company against the Warren Construction Company and its surety, United States Fidelity & Guaranty Company. The object of

the action is to recover for the use of relator the reasonable value of meat and provisions sold by it to one R. L. Ross, who was doing business under the name of Oregon Commissary Company and who had contracted with the Warren Construction Company to operate a commissary and furnish meals for its employees while engaged in the repair and construction of state highways hereinafter referred to. The cause was tried by the court without the intervention of a jury and, after making its findings of fact, the court entered judgment in favor of defendants, from which relator has appealed.

■ In law actions where trial by jury is waived, the finding of the court upon the facts has the force and effect of a verdict: Or. L., § 159. To sustain a judgment based upon findings of the trial court it must appear that the findings support the judgment and that there was some substantial evidence to support the findings. In the instant case, the evidence shows and the court found that the Warren Construction Company had entered into three separate contracts with the state in each of which it undertook to "redress" certain portions of certain state highways within the state and, as security for the faithful performance of its said contracts, it executed three different bonds as principal with the United States Fidelity & Guaranty Company as surety, each conditioned, among other things, that the contractor "shall promptly pay all laborers, mechanics, subcontractors and materialmen, and all persons who shall supply such laborers, mechanics or subcontractors with material, supplies or provisions for carrying on such work, and all just debts, dues and demands incurred in the performance of such work." Each of said bonds contained the stipulation that, upon the

performance of the contract according to law, the obligation was to be void, otherwise to remain in full force and effect. The court further found that, before entering into the performance of its contracts, the Warren Construction Company had entered into a contract with Ross in which it was stipulated that Ross should operate a commissary camp at each of the places where public road work was to be performed and should furnish meals to the laborers while engaged in the performance of such work for which he was to be paid a stipulated price for each meal so furnished, and that, in compliance with said contract, Ross conducted commissary camps and furnished meals to the employees engaged in the performance of the three contracts referred to. While so engaged in performing said contracts, Ross purchased from relator the meat and provisions the reasonable value of which is sought to be recovered in this action.

■ It was not contended in the pleadings or in the evidence, nor is it claimed here, that Ross has not been paid in full according to the terms of his contract. The relator, therefore, occupies the position of a mere unpaid creditor of Ross and one which never furnished any material to the contractor or had any business relations with it. The liability, therefore, which the state is seeking to enforce for the use of relator is not one owing to Ross but one which Ross owes to a third party and one for which a contractor, where the contract, as in the instant case, was entered into with the State Highway Commission, is not liable unless made so by the statute under which the contract with the state was made or the statute under which the bond was given: *State* v. *United*

*States Fidelity & Guaranty Co.,* 125 Or. 13, 25 (265 Pac. 775).

Section 6718, Or. L., provides that every contract made with the state "shall contain a condition that the contractor shall promptly, as due, make payment to all persons supplying to such contractor labor or material for the prosecution of the work provided for in such contract."

Section 2991, Or. L., under which the bond was given, provides that any person entering into a formal contract with the state for the prosecution and completion of any work "shall be required before commencing such work to execute the usual penal bond with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor or materials for any prosecution of the work provided for in such contracts."

It was held in *State* v. *United States Fidelity & Guaranty Co., supra,* that the State Highway Commission is a board of special and limited authority and possesses no extra statutory authority. That in that respect, it is unlike a county whose authority to contract for the building of county roads is practically unlimited and that as to a county while constructing a county road, Section 2991, Or. L., was not a grant of authority but merely fixed a minimum of the conditions which a bond shall contain and that, while a county, in the construction of county roads, could require additional conditions in a bond than those provided for in the statute, the State Highway Commission could not.

In *Fitzgerald* v. *Neal,* 113 Or. 103 (231 Pac. 645), where a bond identical in terms with the one at bar

was involved, it was held that the condition contained in the bond that the contractor "shall promptly pay all laborers, mechanics, subcontractors and material-men and all persons who shall supply such laborers, mechanics or subcontractors with material, supplies or provisions for carrying on such work, and all just debts, dues and demands incurred in the performance of such work," did not enlarge the obligations of the surety beyond those required by the statute and, for that reason, the original contractor could not bind his surety to pay nor was the surety obligated to pay for any material or labor unless the same was furnished for the prosecution of the work which the contractor had contracted to perform.

Hence, under these decisions, the liability under a bond given to secure performance of a contract for the construction or repair of a state highway requires the surety, upon default of the contractor, to pay only for labor and material furnished for the prosecution of the work.

Applying these principles to the facts of the instant case, it will be seen that Ross furnished the contractor with meals for its employees while the contractor was engaged in the prosecution of the work. Whatever rights Ross might have had to enforce payment under the bond, if he had not already been paid, concerns matters not necessary to be considered here. Relator, however, furnished nothing to the contractor. Whatever it furnished was furnished to Ross and to him alone. At best Ross was a mere materialman, who furnished meals to the contractor's employees, while relator was another materialman, who furnished material to Ross. There is nothing in the statute, or in the language of the contract or bond, which requires the contractor or its surety to

pay Ross' debts. Under the contract with Ross, the contractor was bound to pay Ross for all the meals which he furnished to the contractor's employees. It was under no other obligation to Ross and when it paid Ross the amount due him, its obligations to him were satisfied and discharged, and this operated to discharge the surety of the liability it would have been under if Ross had not been paid. The surety becomes liable only upon default of the principal. If there is no cause of action against the principal, there can be none against the surety. Whenever a cause of action against the principal on a bond is barred the right to maintain an action therefor upon the bond which simply operates as security for the same thing must cease to exist, or, as said in *Oregon* v. *Davis*, 42 Or. 34 (71 Pac. 68), "when the principal debt or cause of action fails, the security must also fail."

A case similar in almost all respects to the one here is *State* v. *United States Fidelity & Guaranty Co.*, 117 Or. 616 (244 Pac. 872). The facts in the two cases are identical. The only difference between the two is a slight variation in the pleadings and a different use plaintiff. In that case the same construction company, the same commissary and the same surety involved here were involved there. In disposing of the case, the late Mr. Justice Burnett said:

" * * The testimony does not disclose, in any sense of the word, that Ross acted at the direction of the Construction Company or for it as its agent or employee. The testimony clearly reveals that he was acting on his own account and that credit was extended only to him. The category of those to whom the Construction Company and its surety promised prompt payment does not extend so far as to include

the plaintiff. Ross was neither laborer, mechanic, subcontractor or materialman, according to the complaint, but is classed by that pleading as one who supplied material, supplies or provisions to the others named earlier in the list. In short, the complaint does not show, and neither does the testimony indicate, that the use plaintiff is within the protection of the bond as the case is stated."

For these reasons, the judgment appealed from will be affirmed. AFFIRMED.

BELT, BROWN and ROSSMAN, JJ., concur.