Argued June 12; affirmed June 23; rehearing denied
September 22, 1931

# STATE FOR USE AND BENEFIT OF PEGAN ET AL. *v.* AMERICAN SURETY CO.

(300 P. 511, 2 P. (2d) 1116)

*Plowden Stott* and *P. J. Gallagher,* both of Portland (Collier, Collier & Bernard, Wm. G. Smith, Plowden Stott, and P. J. Gallagher, all of Portland, on the brief), for appellants.

*George F. Alexander* and *Bartlett Cole,* both of Portland, for respondents.

BROWN, J. Section 2991, Oregon Laws 1920 (§ 67-1101, Oregon Code 1930), upon which this prosecution is based, in so far as the same is applicable to this cause was enacted by the Legislative Assembly of 1903 as House Bill 213, and was entitled:

"An act *to protect subcontractors,* materialmen, and laborers furnishing material for doing work upon public buildings, structures, superstructures, or other public works."

Section 1 thereof reads:

"Hereafter any person or persons, firm or corporation entering into a formal contract with the state of Oregon, or any municipality, county, or school district within said state, for the construction of any buildings, or the prosecution and completion of any work, or for repairs upon any building or work, shall be required, before commencing such work, to execute the usual penal bond with good and sufficient sureties, with the additional obligations that such contractor or

contractors shall promptly make payments to all persons supplying him or them labor or materials for any prosecution of the work provided for in such contracts; and any person or persons making application therefor, and furnishing affidavit to the proper officer of such state, county, municipality, or school district, under the direction of whom said work is being or has been prosecuted, that labor or materials for the prosecution of such work has been supplied by him or them, and payment for the same has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor or materials shall have a right of action, and shall be authorized to bring such in the name of the state of Oregon, or any county, municipality, or school district within such state, for his or their use and benefit against said contractor and sureties, and to prosecute the same to final judgment and execution.''

■ This statute, being remedial in its nature, should be liberally construed to effectuate its purpose: *Columbia County v. Consolidated Contract Co.*, 83 Or. 251 (163 P. 438); *Portland v. O'Neill*, 98 Or. 162 (192 P. 909); *Fitzgerald v. Neal*, 113 Or. 103 (231 P. 645); *State ex rel. v. U. S. Fidelity & Guaranty Co.*, 125 Or. 13 (265 P. 775).

The first assignment of error relates to the denial by the court of the defendant surety company's motion for judgment of nonsuit, which reads:

''If Your Honor please, the defendant, the American Surety Company of New York, at this time moves the court for a judgment of nonsuit herein, first, on the ground and for the reason that the plaintiff has failed to prove a case sufficient to be submitted to the court, sitting as a jury. This motion is made generally on the ground that this motion is based on the proposition that the case of the plaintiff here has proven, and it is undenied, that all of the laborers, materialmen or persons furnishing labor or material in the prose-

cution of this work had been paid, and as we read section 2991, Oregon Laws, there cannot be a recovery against the surety unless there is evidence before the court that the laborers or materialmen or persons furnishing labor or material in the prosecution of this work have not been paid.''

██ We agree that, when a cause of action against the principal on a bond is barred, the right of action upon the bond ceases to exist: *Oregon v. Davis,* 42 Or. 34, 38 (71 P. 68, 72 P. 317) ; *State ex rel. Sinclair Provision Co. v. Warren Construction Co.,* 129 Or. 58 (276 P. 260).

In the case at bar, the state highway commission exacted from the contractor such a bond as was authorized by sections 2991 and 6718, Oregon Laws 1920. Section 6718 provides:

''Every contract made with the state, county, school district, municipality, municipal corporation or subdivision shall contain a condition that the contractor shall promptly, as due, make payment to all persons supplying to such contractor labor or material for the prosecution of the work provided for in such contract, * * * and a penal bond, with good and sufficient sureties, shall be required of each and every such contractor, to secure the faithful performance of all of the * * * obligations of such contract.''

This section was originally section 1 of an act adopted by the people at a general election held on November 5, 1912, and is entitled, ''An Act to protect sub-contractors, materialmen and laborers * * *.''

According to the findings of the trial court, and these findings are supported by the testimony, there is a balance due the subcontractors for labor and materials supplied to the general contractor under the contract at the contract price. The motion for nonsuit was properly denied: *State ex rel. Trojan Powder Co.*

*v. Johnson Contract Co. et al.,* 120 Or. 633 (253 P. 520) ; *State ex rel. v. U. S. Fidelity & Guaranty Co.,* supra; *State ex rel. Sinclair Provision Co. v. Warren Construction Co. et al.,* 129 Or. 58 (276 P. 260), and cases therein cited.

■ The defendants attacked the sufficiency of the complaint on the ground that it failed to state a cause of action. This contention is based upon the fact that the original contract was finally modified, in this: That, under the contract as modified, the general contractor completed some unfinished details of the subcontractors' work, and the defendants contend that the modified contract is invalid for want of a consideration therefor.

From 13 C. J., at page 592, section 607, we read:

"A modification of a contract being a new contract, a consideration is necessary to support the new agreement, as, for example, where it is to extend the time for performance * * *, or to release one of the parties from performance."

It is pleaded by the plaintiffs and established by the testimony that there was a valid consideration for the modified contract. The principal contractor was indebted to the subcontractors in the amount of several thousand dollars, an amount many times greater than the sum agreed to be paid by the subcontractor to the general contractor for the completion of the work, which was but putting in "two or three pipe culverts and a few odds and ends, which could not be done or completed until weeks or months thereafter" because the general contractor had not completed the grading. The consideration paid for the completion of the work was, in accord with the contract, deducted from the sum due the subcontractors from the general contractor.

■ The defendants object to the allowance of attorney fees. The law above referred to as adopted by the people was amended by the Legislative Assembly so as to provide for the recovery of attorney fees by the prevailing party. See chapter 342, General Laws of Oregon 1921, codified as section 49-702, Oregon Code 1930.

■■ We have made no attempt to weigh the evidence submitted; for, in case a trial by jury is waived, the findings of fact by the court have the effect of a special verdict and cannot be set aside when there is some competent evidence to support each material allegation of the complaint: *Cannon v. Farmers' Union Grain Agency*, 103 Or. 26, 40 (202 P. 725), and local citations; *Maeder Steel Products Co. v. Zanello*, 109 Or. 562 (220 P. 155). See, also, Or. Const. Art. 7, § 3c.

From a careful consideration of the questions brought here for review, we have discovered no reversible error. Hence we direct an affirmance of the judgment entered by the trial court, with interest from the date of entry thereof.

BEAN, C. J., BELT and CAMPBELL, JJ., concur.

---

Petition for rehearing denied September 22, 1931

ON PETITION FOR REHEARING

(2 P. (2d) 1116)

BROWN, J. The defendants have petitioned this court for a rehearing. For a full statement of the issues of fact and law, see our original opinion decided June 23, 1931.

By their petition the defendants assert that this court erred in holding that the plaintiffs' complaint stated facts sufficient to constitute a cause of action, for the alleged reason that it failed to aver or prove

a consideration for the modification of the contract sued upon, and that the plaintiffs abandoned their contract.

■ On the other hand, the plaintiffs contend that the contract was not abandoned by them, but that they entered upon the performance thereof and proceeded therewith until all the work to be performed thereunder was completed except a few odds and ends which could not be completed at that time because the defendant construction company had not completed the grading. As to the particular work that remained unfinished, we note the following testimony of plaintiff Pegan:

"There were about five 10-inch culverts, and a few more head walls to be put in; 25 or 30 feet. The rest of the pipes were in there and were all distributed, and the rest of the pipes were in all of the culverts, and the culverts were completed except these five and a few extra head walls, but the head walls could not be put in on account of the grading not being done. I had to quit until Sweeney had done the grading, and so when I wanted to put in the five pipes—I was working on another culvert—I was going to put in the pipes, and Mr. Libby, the engineer in charge, told me not to put them in  *  *  *.  He said that we would have to put them in after the Sweeney company got through with the grade, on account of it being a heavy cut.

*　　*　　*　　*　　*

"I couldn't put them (pipes) in or do anything; so I went and told Sweeney and I said, 'Do you have those five pipes in there?  *  *  *  What are you going to do about them? Do you want me to leave them with you here so that somebody else can put them in, or what?'  *  *  *  And he said, 'If you have the pipes in there, I will put them in for you,' and he said, 'When I get through with the grading I will charge you the cost of putting them in.'"

Witness further testified that Sweeney agreed to complete the unfinished subcontract and charge the plaintiffs "what it cost to do the work," and give them credit therefor.

As stated in our original opinion, the trial court found that there had been no abandonment by the plaintiffs of their contract with the defendant construction company. The plaintiffs alleged, and the court found, in substance, that, after the execution of the contract between the plaintiffs and defendant Sweeney Construction Company, the plaintiffs entered upon the performance thereof and proceeded therewith in accordance with all its terms and duly performed all the conditions thereof until on or about November 17, 1926, when all the work to be performed under the contract was completed except putting in two or three pipe culverts and a few odds and ends which could not be done or completed until several weeks or months thereafter, whereupon it was mutually agreed between the plaintiffs and defendant Sweeney Construction Company that the construction company would, and it thereafter did, complete it and charge them for the expense and give them credit for the work to be done and performed by plaintiffs under their contract, and plaintiffs have fully and faithfully performed all the terms and conditions of their contract in strict compliance therewith and with the orders of the state highway commission and its engineers in charge of the work, except as modified as above set out, and the work was performed satisfactorily to, and accepted by, the state highway commission and its engineers.

From the very full and complete and carefully considered findings of fact, the trial court summarized the cause and found that the plaintiffs were entitled

to recover from defendant Sweeney Construction Company the sum of $32,677.18, and that the total credit due the defendant on its contract was $28,548.47, leaving a balance due the plaintiffs of $4,128.71.

The defendants assert in their petition for rehearing that—

"Rather than supporting a judgment of $4,128.71, the evidence conclusively shows that the sum is the total earned by the Sweeney company during 1926-1927-1928 while finishing the contract for culverts and masonry, and was awarded to plaintiffs although earned by the Sweeney company, without allowing the Sweeney company a dime for doing the work;

\*　　　\*　　　\*　　　\*　　　\*

"That Sweeney did all the work on the contract after July, 1926, amounting to several thousand dollars."

Scan this record from beginning to end, and this assertion remains unproved. The facts are to the contrary. The work done in 1926 was done by the plaintiffs. In 1927 the defendant construction company did some work in completing the "odds and ends" under the modified contract as above set out, and, as we have stated, the cost of this work, as well as a fee of $100 for overseeing the work, was charged to the plaintiffs. Sweeney himself testified that "Gassman (one of plaintiffs) was around there (the work) up until probably in November, 1926," but that Pegan went away in the latter part of July of that year. Concerning the work that was unfinished at that time, Sweeney testified:

"Well, I think there was several culverts—I think about two culverts and some head walls, and quite a lot of pitching. Things like that—to fix the drains into the culverts. There had been something done along that

line, but that is the last work I had on the job, and that was not done, and there was one culvert that had not been extended out far enough.''

The contract was never abandoned by plaintiffs, but, on the other hand, was fully carried out by the defendant construction company as modified by the parties thereto. From the record it appears that the contract for the construction work, which of course included the work contracted by the plaintiffs, was finished and accepted August 29, 1927.

From a careful analysis of the record in this case, we are satisfied that the findings and conclusions of the trial judge are accurate and proper.

In our original opinion we quoted from 13 C. J., § 607, ''Contracts'', where the editor discusses the necessity for a consideration in a modified contract. Continuing, we now call attention to the following excerpt from the same section:

''Where a modified agreement has been fully executed, it will not be disturbed for a want of consideration.''

We think, however, that there was a valid consideration for the modification of the contract in this case. Furthermore, the contract has been fully performed, and the position taken by the defendants can not be maintained. 2 Page on Contracts, § 748.

The petition for a rehearing will be denied.

BEAN, C. J., BELT and CAMPBELL, JJ., concur.