[No. 23703.   Department One.   August 10, 1932.]

LINA VIGELIUS, *Appellant,* v. LOUIS VIGELIUS,
*Respondent.*[1]

*Riddell, Brackett & Fowler,* for appellant.
*William A. Gilmore,* for respondent.

PARKER, J.—The plaintiff, Mrs. Vigelius, seeks re-
covery from the defendant, Mr. Vigelius, her former
husband, of the sum of $10,000, claimed as the balance
owing by him to her under a separation contract en-
tered into between them.   A trial upon the merits in
the superior court for King county, sitting without a
jury, resulted in findings and judgment denying to her
any recovery, from which she has appealed to this
court.

Mr. and Mrs. Vigelius were married to each other in
the year 1896.   They lived together until the fall of
1912, during which period they accumulated property
of the approximate value of $20,000.   They then be-

[1]Reported in 13 P. (2d) 425.

came estranged from each other and separated, and thereafter on November 4, 1912, entered into a separation contract. By the terms of that contract, Mrs. Vigelius was given of their property securities of the value of $10,000, and some personal property, all to become her separate property. For recovery in this action, she relies upon the following provision of that contract:

"The husband shall also at all times during the joint lives of the wife and himself, until their divorce and remarriage by the wife, pay to her on the first day of each and every month the sum of seventy-five dollars, as her sole and separate estate."

He resists her claim of recovery, alleging that, in the year 1918, they, by mutual agreement, modified that provision of the contract, and agreed that his future obligations thereunder should be to pay her only $25 per month; and that he has, on or about the first day of each and every month thereafter, paid her $25, which she has accepted as a compliance with that modifying agreement.

On October 29, 1914, there was duly awarded to Mrs. Vigelius by the superior court of King county a final decree of divorce from Mr. Vigelius, their property rights and obligations being left by the court as agreed upon by their contract of November 4, 1912. On December 20, 1915, Mrs. Vigelius was awarded a money judgment against Mr. Vigelius in the sum of $1,325 for unpaid balance owing by him to her under the contract. He having met financial reverses, no part of this judgment was paid by him until about March 1, 1918, when she accepted from him $800 in full payment of that judgment and of all sums owing to her under the contract at that time. Mr. Vigelius claims that it was then that the modifying agreement was en-

tered into. With reference to that, the trial court found as follows:

"The court further finds that, on or about the 1st of March, 1918, plaintiff and defendant entered into an oral agreement changing and modifying said written separation agreement whereby the defendant was to satisfy the said judgment of record, referred to herein, and thereafter pay to the plaintiff the sum of $25 per month on the first of each and every month thereafter so long as said written separation agreement was in full force and effect between the parties, and that, as part of said oral modification, plaintiff orally agreed with the defendant to waive all other claims and demands against said defendant then due or to become due other than said $25 per month. . . . The defendant has paid to the plaintiff on or about the first day of each and every month since said time the sum of $25 per month as orally agreed between them. . . . "

It is contended in behalf of Mrs. Vigelius that the trial court erred in finding that a modifying agreement was made reducing Mr. Vigelius' obligation to $25 per month, as claimed by him. Our reading of the evidence convinces us that it does not preponderate against the finding of the trial court touching the making of that modifying agreement. Indeed, we think the evidence convincingly supports that finding of the trial court. Another material fact, which it seems to us the evidence convincingly establishes, is that Mrs. Vigelius accepted the $25 monthly payments made to her on or about the first of every month during the whole of the period since the making of the modifying agreement on March 1, 1918, up to the commencement of this action on December 27, 1930, as the performance by Mr. Vigelius of that agreement, without making any claim during that period that he was otherwise obligated to her.

It is further contended in behalf of Mrs. Vigelius that, though the modifying agreement was made as claimed by Mr. Vigelius, it was without consideration, since neither the original contract nor the modifying agreement was executory on her part. There is invoked in support of this contention the general rule, quoted with approval by us in *Tacoma & Eastern Lumber Co. v. Field & Co.*, 100 Wash. 79, 170 Pac. 360, from 9 Cyc. 593 (13 C. J. 602), reading as follows:

"While a contract remains executory on both sides, an agreement to annul on one side is a consideration for the agreement to annul on the other, and *vice versa*. On the other hand, if the contract has been executed on one side, an agreement without any new consideration that it shall not be binding is without consideration and void."

There is another general rule, well stated in the text of 13 C. J. 592, which, we think, is controlling in our present inquiry, as follows:

"Where a modified agreement has been fully executed, it will not be disturbed for a want of consideration. . . ."

This statement of the law has support not only in the decisions there cited, but also in the decisions rendered since the publication of that volume of Corpus Juris. *Maxwell v. Graves*, 59 Iowa 613, 13 N. W. 758; *In re Lamb's Estate*, 140 Iowa 89, 117 N. W. 1118, 18 L. R. A. (N. S.) 226; *Gray & Sons v. Satuloff Bros.*, 213 Ala. 526, 105 South. 666; *Davis v. Culmer*, 221 Mo. App. 1037, 295 S. W. 803; *State v. American Surety Co.*, 137 Ore. 394, 300 Pac. 511, 2 P. (2d) 1116; *Julian v. Gold*, 3 P. (2d) (Cal.) 1009; 1 Page on Contracts (2d ed.), § 582.

We do not overlook the fact that the modifying agreement is still executory on the part of Mr. Vige-

lius, in the sense that he is still obligated to make the future monthly payments therein specified, while Mrs. Vigelius remains unmarried. We also assume, without deciding, that the original contract was not executory on the part of Mrs. Vigelius at the time of the making of the modifying agreement, and that the latter is not executory on the part of Mrs. Vigelius; though there is room for arguing to the contrary, in view of the necessity on her part to maintain her status as an unmarried woman to entitle her to any monthly payments under either. While Mr. Vigelius has not fully executed the modifying agreement, in the sense that he has not paid future maturing obligations thereunder, he has fully executed it to the extent of timely paying all past maturing obligations thereunder over a period of more than twelve years. This, we are of the opinion, constitutes such an execution of the modifying agreement on his part as to warrant us in holding that it should not now be disturbed for want of consideration in its making.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, STEINERT, and HERMAN, JJ., concur.