Respondents filed a petition for rehearing, and a brief in support thereof, and we requested counsel for appellant to reply to certain contentions therein set forth, in substance, as follows:
1. That we erred in holding compensation for services rendered by appellant's attorneys, in opposition to the application to the Supreme Court of the United States for a writ of certiorari, was within the meaning of the injunction bond and the statute requiring it to be given.
2. That the attorney fee contract required the performance of all services necessary to recover judgment, as well as the performance of all services necessary to the collection of any judgment recovered in the action for damages.
3. Conceding the contract was amended, as claimed by appellant, what consideration can be found to support the amendment?
Appellant's counsel has replied to our request by filing a written discussion of the points inquired about and respondents' counsel have filed a reply thereto.
Were the services rendered by appellant's attorneys in opposition to the application to the Supreme Court of the *Page 699 
United States for a writ of certiorari within the meaning of the injunction bond and the statute requiring it to be given? After our decision and the going down of the remittitur in case No. 6247, Boise-Payette Lumber Company v. Idaho Gold DredgingCorporation, 56 Idaho 660, 58 P.2d 786, being the action in which the injunction bond sued on in this case was given, in connection with the lumber company's application to the Supreme Court of the United States for a writ of certiorari, it petitioned this court for a stay of execution of the judgment pending the outcome of its application for the writ. By the petition for rehearing and briefs filed in support thereof, it has been brought to our attention that we made an order that execution, or enforcement of the judgment of this court, be stayed for such time as might be reasonably necessary for the lumber company to prepare and present its application to the Supreme Court of the United States for the writ of certiorari.
Our order required the lumber company to deposit with the First National Bank of Idaho $15,000 in bonds or treasury notes of the United States, and that the condition of the deposit be to the effect that if the lumber company failed to make application for the writ on or before August 20, 1936, or failed to obtain an order granting the application, or to make its plea good in the Supreme Court of the United States, it would answer for all damages and costs which the mining company might sustain by reason of the stay; that the bank should, after ten days' notice of such failure, if the judgment be not paid in full prior to the expiration of ten days, turn over and deliver to the mining company such securities to be sold, and the proceeds thereof to be applied to the purpose for which the deposit was made.
The petition for rehearing, and briefs filed in support of it, convinces us our order requiring the lumber company to give security that it would pay all damages and costs which the mining company might sustain by reason of the stay, in case of the former's failure to successfully prosecute its application for the writ of certiorari, and its compliance therewith by giving such security, substituted the security so given for the injunction bond *Page 700 
so far as any liability growing out of the application for the writ of certiorari was concerned, and that evidence of such liability was not admissible in this action on the injunction bond.
The action of the court in requiring the lumber company to give security, as a condition for a stay of execution of the judgment pending the application for a writ of certiorari, had escaped our recollection. In the light of the petition for rehearing and briefs furnished us in support thereof, we are of the opinion we erred in deciding that: "Evidence offered to prove the amount and value of services rendered by the mining company's counsel in opposition to the petition for the writ of certiorari should have been admitted." Our decision, heretofore announced, is modified accordingly.
Next comes the contention of respondents that the attorney fee contract required the performance of all services necessary to recover judgment, as well as the performance of all services necessary to the collection of any judgment recovered, and the contention that, conceding the contract was amended, as claimed by appellant, the amendment would be without consideration and consequently void.
The injunction suit was commenced February 15, 1935. Shortly thereafter, to-wit, March 4, 1935, Mr. Hawley, of the firm of Hawley and Worthwine, wrote a letter to the mining company concerning the attorney fee contract, in which, among other things, it was stated:
"Now the question comes up in connection with the new action [evidently referring to the injunction suit] brought by the Lumber Company against your company. That, of course, was not in any way covered by our contract. . . . appeals from this new action require additional attorneys' fees."
If a controversy arose between the attorneys and the mining company as to whether the contingent fee contract obligated the attorneys to perform all necessary services in defending against the injunction suit and because of such controversy the contingent fee contract was modified or amended, and if under and pursuant to the terms of the amendment the mining company thereafter *Page 701 
actually paid counsel for such services, out of its own funds, not with money which would have belonged to the attorneys under the contingent fee contract if not modified, then and in such case, the recovery of a reasonable attorney fee, not exceeding the amount actually paid and not exceeding the limit of the bond, may be had.
"Where a modified agreement has been fully executed, it will not be disturbed for want of consideration." (17 C.J.S. Sec. 376, pp. 861, 862, 863; State v. American Surety Co. (Ore.),2 P.2d 1116; Julian v. Gold (Cal.), 3 P.2d 1009, 1010; Nordforsv. Knight et ux. (Utah), 60 P.2d 1115; Price v. Price (Cal.),75 P.2d 655; Bishop on Contracts (2d Ed.) 37).
Except as herein modified the decision heretofore rendered is adhered to and the petition for rehearing is denied.
GIVENS, Presiding Justice, and SUTPHEN, D.J., concur.